IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JEROME EVANS, As Wrongful Death
Beneficiary of LUCILLE EVANS                                                     PLAINTIFF

vs.                                                                           No. 4:04CV392-D-B

SHAHZAD DAILAMI-POUR, M.D.                                                     DEFENDANT

OPINION GRANTING MOTION TO DISMISS

Presently before the court is the United States' motion to dismiss. Upon due consideration, the court finds that the motion should be granted.

Factual and Procedural Background

The Plaintiff filed this wrongful death action in the Circuit Court of Humphreys County on November 18, 2004. In the complaint, the Plaintiff asserts that the Defendant Dr. Shahzad Dailami-Pour was negligent in his treatment of the Plaintiff's decedent, Lucille Evans, and provided a substandard level of medical care while treating her. The Defendant subsequently removed the case to this court pursuant to, *inter alia*, 28 U.S.C. § 2679(d)(2). The United States Attorney for the Northern District of Mississippi has certified that the Defendant Dr. Dailami-Pour was acting within the scope of his employment as a federal employee at the relevant time, and asserts that he should be dismissed from the suit with the United States being substituted as the proper defendant.[1] See 28

---

[1] The Plaintiff has challenged the United States' certification of Dr. Dailami-Pour and has filed a motion to have this case remanded to state court. The court finds, however, that the Government's certification was proper and that, even if it were not, this court would retain jurisdiction over this case in any event. Garcia v. United States, 88 F.3d 318, 324 (5th Cir. 1996).

The court finds that the Government's certification was proper because 42 U.S.C. § 233(g)(1)(A) extends Federal Torts Claims Act coverage to contractor physicians such as Dr. Dailami-Pour when they are employed by nonprofit private entities that receive federal funds under 42 U.S.C. § 254b. Dr. Dailami-Pour was indisputably employed as a contractor physician by the G.A. Carmichael Family Health Center, Inc., a nonprofit private entity in Belzoni,

U.S.C. §§ 2679(b), 2679(d). In the present motion, the United States now moves to dismiss the Plaintiff's claims based upon his failure to properly exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

Discussion

The United States, as a sovereign, is immune from suit unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L. Ed. 2d 607 (1980). Thus, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit. United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953-54, 47 L. Ed. 2d 114 (1976). As a result, consent "cannot be implied but must be unequivocally expressed." Mitchell, 445 U.S. at 538. Accordingly, statutes purporting to waive the United States' sovereign immunity are strictly construed. See id.

In various statutes throughout the years, Congress has carved into the immunity of the federal government. One such statute is the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-80, which waives the United States' sovereign immunity with regard to various types of tort claims, including claims for personal injuries allegedly caused by the negligence of federal employees acting within the scope of their employment. See United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L. Ed. 2d 259 (1979). The FTCA, however, attaches conditions to the waiver. One of those conditions is contained in 28 U.S.C. § 2679(b)(1), which provides that the FTCA is a plaintiff's exclusive remedy in cases of this type:

---

Mississippi, that receives federal funds under 42 U.S.C. § 254b. The court thus finds that the United States is properly substituted as the Defendant in this cause. Further, as noted below, the Plaintiff's sole remedy at law in this action is under the Federal Tort Claims Act, an avenue which remains open for him to pursue his claim.

> The remedy against the United States provided by [the Federal Tort Claims Act] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action. . . against the employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

In addition to the FTCA being the exclusive remedy for claims of this type, another condition Congress has placed on the government's waiver of immunity is the exhaustion requirement contained in 28 U.S.C. § 2675(a), which provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The FTCA also makes clear that its exhaustion requirements apply even to actions not originally brought against the United States. See 28 U.S.C. § 2679(d)(4) (actions in which the United States is substituted as a party "shall proceed in the same manner as any action against the United States filed pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those actions.").

Here, the Plaintiff has not complied with section 2675(a)'s exhaustion requirement because, although he filed a claim with the appropriate Federal agency, he failed to wait until the agency made a final disposition of his claim or until six months had passed from the date the claim was filed, as

is required by 28 U.S.C. § 2675(a) before a claim may be pursued in court.[2]

Conclusion

In sum, the court shall dismiss the Plaintiff's present complaint due to his failure to exhaust his FTCA administrative remedies prior to filing this suit. The court specifically notes that the FTCA's two year statute of limitations on the Plaintiff's claim has not expired, and will not do so until June 11, 2006, thereby affording the Plaintiff an opportunity to properly exhaust his administrative remedies prior to that time and refile suit pursuant to the FTCA in this court if necessary. See 28 U.S.C. § 2401(b).

A separate order in accordance with this opinion shall issue this day.

This the 21st day of October 2005.

/s/ Glen H. Davidson
Chief Judge

---

[2] After the Decedent passed away on June 11, 2004, the Plaintiff filed an administrative claim with the federal Department of Health and Human Services (HHS) on August 19, 2004; he then filed this suit in state court on November 18, 2004, some three months later, prior to either obtaining a written denial of his claim from HHS or waiting six months until February 19, 2005.